UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN JOSEPH COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:10-CV-455-MLM |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of John Joseph Coleman (registration no. 515570) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Petitioner has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his petition for a writ of mandamus. See 28 U.S.C. § 1915(a)(1),(2). A review of petitioner's account statement indicates an average monthly deposit of $41.00 and an average monthly account balance of $16.75. Petitioner has insufficient funds to pay the entire filing fee. Accordingly, the Court will grant petitioner in forma pauperis status solely with regard to his petition for a writ of mandamus and supplements pertaining to his mandamus claims and will assess an initial partial filing fee of $8.20, which is 20 percent of petitioner's average monthly deposit. As more fully discussed below, petitioner is not granted in forma pauperis status relative to his supplemental claims brought under 42 U.S.C. § 1983.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490

U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### I. Petition for Writ of Mandamus and Supplements Pertaining to Mandamus Relief

Petitioner seeks a writ of mandamus pursuant to 28 U.S.C. § 1651 in this action against respondent State of Missouri [Docs. #1-#4]. Liberally construing petitioner's allegations, there is an action pending against him in the Phelps County Circuit Court. Petitioner claims that he is being "denied fair and impartial treatment within [Phelps] County," in violation of his due process rights. He asks this Court to appoint a special prosecuting attorney and judge in this state criminal case and to order the state judge to allow petitioner to take stress analyzer and polygraph tests and to have a gun tested in a crime lab.

Petitioner's request for a writ of mandamus is legally frivolous and will be denied, without prejudice. Cf. Veneri v.

Circuit Court of Gasconade Co., 528 F.Supp. 496, 498 (E.D.Mo. 1981)(federal courts have no superintending control over and are without authority to issue writ of mandamus to direct state court or its judicial officers in performing duties).

**II. Supplemental Claims under 42 U.S.C. § 1983**

On April 26, 2010, petitioner filed three separate supplements to his mandamus petition [Docs. #10- #12] in which he is attempting to assert various claims under 42 U.S.C. § 1983. The Court's records indicate that plaintiff has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant petitioner in forma pauperis status with regard to the § 1983 claims unless he "is under imminent danger of serious physical injury."

After reviewing petitioner's three supplements, the Court finds no allegations indicating that petitioner is in imminent danger of serious physical injury. As a result, the Court will deny petitioner in forma pauperis status with regard to his § 1983 claims, and dismiss these supplemental claims without prejudice to refiling them in a fully paid complaint.

---

[1] See Coleman v. Pettus, Case No. 4:00-CV-0087 TCM (E.D. Mo.); Coleman v. Murphy, Case No. 4:02-CV-0754 CDP (E.D. Mo.); Coleman v. Missouri Department of Corrections, Case No. 4:02-CV-0774 CDP (E.D. Mo.); and Coleman v. First State Bank of Farmington, Case No. 4:02-CV-0868 LMB (E.D. Mo.).

4

Moreover, to the extent that petitioner is seeking to challenge an underlying state criminal judgment or conviction, his claims are cognizable exclusively under 28 U.S.C. § 2254, not 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)(habeas corpus is the appropriate remedy for prisoners attacking the validity of the fact or length of their confinement). To the extent that petitioner is seeking federal court review of a state-court decision in a state criminal action, his claim is legally frivolous. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." Id.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #9] is **DENIED** in part and **GRANTED** in part. Relative to petitioner's petition for a writ of mandamus and supplements thereto [Docs. #1, #2, #3, and #4], his motion to proceed in forma pauperis is **GRANTED;** relative to his 42 U.S.C. § 1983 supplemental claims [Docs. #10, #11, and #12], his motion to proceed in forma pauperis is **DENIED,** without prejudice, pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that, as to petitioner's petition for a writ of mandamus, petitioner shall pay an initial partial

5

filing fee of $8.20 within thirty (30) days from the date of this order. Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition for a writ of mandamus, because the petition is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that petitioner's 42 U.S.C. § 1983 claims are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that petitioner's "motion for writ of form 40" [Doc. #6] and "motion to stay [the] mandate" [Doc. #7] are **DENIED** as moot.

A separate order of dismissal shall accompany this memorandum and order.

Dated this 29th day of April, 2010.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**